Filed          19-CI-001442    03/06/2019        David L. Nicholson, Jefferson Circuit Clerk    NOT ORIGINAL DOCUMENT
04/15/2019 12:09:36 PM
93689

Presiding Judge: HON. BRIAN EDWARDS (630312)

COM : 000001 of 000012

EXHIBIT 1

| CASE NO. _____ | JEFFERSON CIRCUIT COURT |
|---|---|
| | DIVISION __ |

JESSICA DRURY
2108 UNITY PLACE
APT. 133
LOUISVILLE, KY 40208                                                    PLAINTIFF

V.

UNIVERSITY OF LOUISVILLE
THOMAS A. HOY, REGISTERED
AGENT                                                                    DEFENDANT
UNIVERSITY OF LOUISVILLE
GRAWEMEYER HALL, SUITE 206
2301 S THIRD STREET
LOUISVILLE, KY 40292

## COMPLAINT
\*\* \*\* \*\* \*\*

Plaintiff, by and through Counsel, for her complaint, states:

### NATURE OF ACTION

1. This is an individual action arising out of Defendant University of Louisville (hereinafter "University") failure to provide safe and adequate student housing for Plaintiff, a disabled student.

2. Plaintiff is a student at the University. She is a qualified person with a disability pursuant to the Kentucky Civil Rights Act (KRS 344), the federal Civil Rights Act of 1964 (Pub.L. 88–352, 78 Stat. 241), and the Americans with Disabilities Act (Pub.L. 101–336, 104 Stat. 327).

1

Filed          19-CI-001442   03/06/2019        David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
04/15/2019 12:09:36 PM
93689

3. Plaintiff chose to live in student housing offered by the University. Student housing is often an important aspect of the "college experience," providing students with conveniently located living quarters and social immersion among other students.

4. During the 2016-2017 and 2017-2018 school years, Plaintiff struggled to get adequate accommodations and was endangered by the University's emergency evacuation procedures. She was traumatized by multiple fire evacuations and was unable to continuing residing in campus housing.

5. As a result, Plaintiff lost over $2,500 in rent for months in which she could not live in the dormitory and approximately $1,500 in transportation costs to travel between the University and her alternative residence. She suffered discrimination, humiliation, and negligent infliction of emotional distress.

## JURISDICTION AND VENUE

6. Plaintiff alleges claims under common law and under the statutes of the Commonwealth of Kentucky.

7. KRS 344.450 designates the Circuit Court as the appropriate venue for injuries caused by violations of the Civil Rights Act (KRS Chapter 344).

8. The amount in controversy exceeds the minimum jurisdictional requirements.

## PARTIES

9. Plaintiff is a resident of Jefferson County, Kentucky.

Filed          19-CI-001442   03/06/2019        David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. BRIAN EDWARDS (630312)
COM : 000002 of 000012

10. Plaintiff is a student at the University of Louisville.

11. Defendant University of Louisville is a public university operating in Louisville, Jefferson County, Kentucky. It is registered as a Kentucky corporation. The Principal Office registered with the Secretary of State is: Office of University Counsel, University of Louisville, Louisville, KY 40292.

## FACTS

### A. Plaintiff's Disability and Relationship to Defendant

12. Plaintiff is a paraplegic as a result of an incomplete spinal cord injury which she suffered as a child.

13. She uses a wheelchair for daily mobility and is unable to stand for any significant period of time.

14. Plaintiff enrolled as a freshman at the University of Louisville for the 2016-2017 school year.

### B. Unitas Tower

15. In August 2016, Plaintiff was assigned to live in Unitas Tower, located at 1901 S. 1st Street, Louisville, KY 40208.

16. Plaintiff was told that Unitas was "the most accessible option."

17. It was the only freshman dormitory with an elevator.

18. While Plaintiff was living in Unitas Tower, the University failed to provide access to an accessible restroom on the same floor as her unit.

3

19. Plaintiff was assigned to live on the seventh floor and was expected to use a restroom on the first floor.

20. Plaintiff slipped and fell because there were no grab bars in the shower, despite requests.

21. She suffered pain and soreness for several days.

22. She also required medical attention by her surgeon to ensure the fall did not cause damage to the recent spinal fusion from which Plaintiff was recovering.

23. After Plaintiff fell, an unknown employee from the housing department met with Plaintiff and her parents. They apologized and made corrections.

24. It took three weeks to get the reasonable accommodations necessary to make the bathroom accessible.

25. The reasonable accommodations in this case were simply grab bars with grips and mats in the stalls.

26. During the time that Plaintiff lived in Unitas Tower, there was one fire drill.

27. Plaintiff was not notified that there would be a fire drill in advance and believed there was an actual emergency.

28. With no plan in place, two female students carried Plaintiff down the seven flights of stairs, which was extremely dangerous for all involved.

29. The Unitas Tower Hall Director met with Plaintiff about an evacuation plan only after she saw Plaintiff being carried down the stairs.

30. The evacuation plan provided by the University was for Plaintiff to wait near the seventh floor elevator until assistance arrived.

Filed           19-CI-001442   03/06/2019         David L. Nicholson, Jefferson Circuit Clerk    NOT ORIGINAL DOCUMENT
                                                                                04/15/2019 12:09:36 PM
                                                                                93689

31. There was no plan for who would provide this assistance, if anyone would be responsible for informing firefighters of Plaintiff's location, or if anyone from the University would follow up with Plaintiff afterward.

32. Plaintiff and her parents met with University staff and the ADA coordinator approximately four times about the accessibility problems in Unitas Tower and were met with hostility or indifference.

33. There was a broad policy, whether intentional or not, of avoiding accessibility concerns. The University did not take actions to make the bathroom accessible or create an evacuation plan until after there were problems.

34. After the fire drill, the Hall Director told Plaintiff, "I'm not supposed to say anything but I'm sorry," indicating an order not to acknowledge that the incident had occurred or that the University bore any responsibility.

35. Unitas Tower did not have emergency power, leaving elevators inoperable during a power outage.

36. Plaintiff was unable to get to her room during a power outage and was stranded in the lobby for three hours.

37. A Residential Advisor (RA) offered to have Plaintiff carried to her room in a fitted sheet. Plaintiff declined. Plaintiff did not suffer any physical consequences but being unable to reach her room in a timely matter could have resulted in an inability to attend to medical needs.

### C. Bettie Johnson Hall

Filed           19-CI-001442   03/06/2019         David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. BRIAN EDWARDS (630312)

COM : 000005 of 000012

Filed                 19-CI-001442    03/06/2019        David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
04/15/2019 12:09:36 PM
93689

38. In August 2017, Plaintiff was assigned to live in Bettie Johnson Hall, located at 401 W. Cardinal Boulevard, Louisville, KY 40208.

39. Students residing in Bettie Johnson Hall have quasi-private bathrooms.

40. It took multiple attempts for the University to provide simple accommodations such as adequate grab bars in the bathroom.

41. An unknown University employee came to install grab bars and did so incorrectly. He insisted the grab bars should *not* be in a "stud."

42. The result was unsteady grab bars. The wall could be shaken by pulling on the grab bar because of the poor installation.

43. When housing office employee Justin Liebowitz met with Plaintiff, Plaintiff explained that the bathroom was not ADA compliant (Americans with Disabilities Act) and that the grab bars needed to be in a stud and in particular positions.

44. Mr. Liebowitz was extremely rude. He laughed and responded "That's not what you asked for."

45. After the fire drill incident in Unitas Tower, Plaintiff was concerned about safety in Bettie Johnson. She had a meeting with the Hall Director who informed her that the safety plan was for Plaintiff to wait by the elevator until an RA or firefighter came to get her.

46. The Hall Director agreed that it was not a safe plan but that was the fire plan created by the University.

47. The "safety plan" was not adequate and did not go into detail about how the firefighters would be notified that Plaintiff was in the building, nor did it assign a specific RA to help Plaintiff.

Filed                 19-CI-001442    03/06/2019        David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. BRIAN EDWARDS (630312)
COM : 000006 of 000012

48. It also did not train any University employee or RA in how to safely assist Plaintiff.

49. On one occasion, an inebriated student set off the fire alarm.

50. Plaintiff was again carried down the stairs by friends. No one from the University or Bettie Johnson Hall followed up with Plaintiff to see if she got out of the building.

51. To Plaintiff's knowledge, no firefighter or RA ever attempted to find her at the elevator where she was told to wait.

52. About one month later, another inebriated student set off the fire alarm.

53. Again, friends carried Plaintiff down four flights of stairs.

54. Again, no one ever attempted to follow up with Plaintiff.

55. In or around February or March 2018, Plaintiff opened her dorm room door to find thick smoke in the hallway.

56. Plaintiff believed there was a fire and she did not have any way to get down the stairs.

57. A student, who may have been named Dewan, saw Plaintiff and carried her down the stairs even though he did not know her.

58. The Good Samaritan carried Plaintiff down the four flights of stairs but almost dropped her three times.

59. Again, no one reached out to contact Plaintiff.

60. She was told that there was no fire and that the smoke she saw and smelled was discharge from a fire extinguisher.

61. Plaintiff was traumatized, believing she could have been left alone to burn to death if the student had not come to help her.

62. Plaintiff had nightmares and anxiety. She could not sleep without the lights on.

7

Presiding Judge: HON. BRIAN EDWARDS (630312)

COM : 000007 of 000012

Filed                19-CI-001442   03/06/2019         David L. Nicholson, Jefferson Circuit Clerk
NOT ORIGINAL DOCUMENT
04/15/2019 12:09:36 PM
93689

63. When the University failed to take any action to increase Plaintiff's safety, the Plaintiff became so anxious about her safety that continuing to live in Bettie Johnson Hall became untenable.

64. Plaintiff moved back into her parents' home, over twenty miles from the University, in March 2018.

65. Plaintiff's father had to drive her to and from school every day.

66. Plaintiff had to remain on campus for nine hours per day because her father had to drop her off before he went to work and pick her up after he got off.

## COUNT ONE:

## VIOLATIONS OF THE KENTUCKY CIVIL RIGHTS ACT

34. Plaintiff reiterates the allegations contained in the paragraphs above as if fully set forth herein.

35. Plaintiff is a person that the Kentucky legislature intended to protect with the Kentucky Civil Rights Act.

36. Student housing is a public accommodation subject to the Kentucky Civil Rights Act.

37. By engaging in the scheme and course of conduct alleged herein, Defendant engaged in discriminatory conduct which denied Plaintiff the ability to use and enjoy the housing accommodation in violation of the Kentucky Civil Rights Act.

38. Defendant's actions were willful, wanton, reckless and/or grossly negligent.

39. Plaintiff is entitled to damages including statutory damages and attorney fees.

Filed                19-CI-001442   03/06/2019         David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. BRIAN EDWARDS (630312)
COM : 000008 of 000012

## COUNT TWO:

## NEGLIGENCE

### A. Negligence Per Se

40. Plaintiff reiterates the allegations contained in the paragraphs above as if fully set forth herein.

41. Defendant violated the Kentucky Civil Rights Act, the ADA, and Section 504 of the Rehabilitation Act by its knowing failure to install grab bars in the Unitas Tower bathroom to which Defendant assigned Plaintiff, specifically because of her disability.

42. Plaintiff was injured in a slip and fall incident in Unitas Tower (described in ¶20) as a result of Defendant's aforementioned violations.

43. Plaintiff is a person that the Kentucky and United States legislatures intended to protect with the Kentucky Civil Rights Act, the ADA, and the Rehabilitation Act.

44. Student housing is a public accommodation subject to the Kentucky Civil Rights Act and the ADA. The University of Louisville is a place of higher education which receives federal funding, subjecting it to the requirements of Section 504 of the Rehabilitation Act.

45. By engaging in the scheme and course of conduct alleged herein, Defendant engaged in discriminatory conduct which denied Plaintiff the ability to use and enjoy the housing accommodation in violation of the Kentucky Civil Rights Act. Plaintiff, solely by reason of her disability, was excluded from the participation in, denied the benefits of services, or subjected to discrimination in violation of Section 504 of the Rehabilitation Act.

46. Defendant's actions were willful, wanton, reckless and/or grossly negligent.

47. Plaintiff is entitled to damages including compensatory damages and attorney fees.

Presiding Judge: HON. BRIAN EDWARDS (630312)
COM : 000009 of 000012

### B. Premises Liability

48. Plaintiff reiterates the allegations contained in the paragraphs above as if fully set forth herein.

49. As landlord, Defendant owed to duty to take reasonable precautions to protect the tenant from dangers of which it had or should have had knowledge.

50. Defendant had knowledge that Plaintiff was disabled when it assigned her to live in Unitas tower, where the bathroom did not have grab bars.

51. Plaintiff repeatedly informed Defendant that grab bars were necessary to safely use the shower facilities.

52. Defendant was obligated to have reinforcements built into the bathrooms for the later installation of grab bars in the event a person with a disability moved into the building per KRS 344.360(11)(c)(3)(c). Thus, they should have been aware of the possible need for these even if they had not been told explicitly and repeatedly.

53. Grab bars and non-slip mats in the shower are reasonable precautions against the danger of slipping and falling, a danger which is more likely and poses higher risk of injury for a disabled student. It was a known danger about which Defendant was put on notice.

54. Plaintiff was injured as a result of Defendant's failure to take reasonable precautions to protect Plaintiff from a known danger.

55. Defendant's actions were willful, wanton, reckless and/or grossly negligent.

56. Plaintiff is entitled to damages including compensatory damages and attorney fees.

### COUNT THREE:

10

Presiding Judge: HON. BRIAN EDWARDS (630312)

COM : 000010 of 000012

Filed           19-CI-001442    03/06/2019           David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
04/15/2019 12:09:36 PM
93689

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

57. Plaintiff reiterates the allegations contained in the paragraphs above as if fully set forth herein.

58. Defendant's negligent dereliction of duties imposed by the Kentucky Civil Rights Act, the federal Civil Rights Act, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act was a substantial factor in injuries suffered by Plaintiff.

59. Defendant failed to make statutorily required accommodations such as grab bars in the bathroom.

60. Plaintiff suffered humiliation and discrimination when she had to repeatedly request accommodations and was treated with hostility or indifference.

61. Defendant failed to make statutorily required accommodations to rules, policies, practices, and services necessary to afford Plaintiff the ability to use and enjoy the housing accommodations available to students without disabilities.

62. The lack of a reasonable fire safety plan caused Plaintiff significant anxiety and emotional distress.

39. Plaintiff is entitled to damages including actual damages for pain and suffering, and humiliation.

## PRAYER FOR RELIEF

The Plaintiff prays for an Order and Judgment granting the following Relief:

1. That the Plaintiffs be awarded compensatory damages in an amount to be determined by the Court;

Presiding Judge: HON. BRIAN EDWARDS (630312)

COM : 000011 of 000012

2. The Court award costs and attorney fees against Defendant in accordance with the Kentucky Civil Rights Act and all other applicable provisions of law; and

3. Any and all other relief, equitable or otherwise to which the Plaintiff may be entitled.

Respectfully Submitted,

/s/ Amy S. Foster
Chestnut Centre
410 W. Chestnut Street, Ste, 331
Louisville, KY 40202-2359
(502) 807-2302
amyfoster.law@gmail.com
*Counsel for Plaintiff*

/s/ Ryan Fenwick
902 S. Shelby St.
Louisville, KY 40203
ryan@ryanfenwicklaw.com
(502) 563-8687
*Counsel for Plaintiff*

| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | NOT ORIGINAL DOCUMENT<br>04/15/2019 12:10:01 PM<br>Case #: 19-CI-001442<br>93689<br>Court:  **CIRCUIT**<br>County: **JEFFERSON Circuit** |

*Plantiff,* DRURY, JESSICA VS. UNIVERSITY OF LOUISVILLE, *Defendant*

TO: **UNIVERSITY OF LOUISVILLE**
**2301 S 3RD ST, GRAWEMEYER HALL STE. 206**
**C/O THOMAS A. HOY, REGISTERED AGENT**
**LOUISVILLE, KY 40292**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Davis L. Nichols*
Jefferson Circuit Clerk
Date: **3/6/2019**

Presiding Judge: HON. BRIAN EDWARDS (630312)

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____

Served By _____

Title _____

CI : 000001 of 000001

---

Summons ID: @00000901916
CIRCUIT: 19-CI-001442 Certified Mail
DRURY, JESSICA VS. UNIVERSITY OF LOUISVILLE



Page 1 of 1


eFiled

Case 3:19-cv-00282-DJH   Document 1-2   Filed 04/15/19   Page 14 of 17 PageID #: 18



**Commonwealth of Kentucky**
**David L. Nicholson, Jefferson Circuit Clerk**

NOT ORIGINAL DOCUMENT
04/15/2019 12:10:40 PM
93689

Case #: **19-CI-001442**   Envelope #: **1507741**

Received From: **AMY FOSTER**   Account Of: **AMY FOSTER**

Case Title: **DRURY, JESSICA VS. UNIVERSITY OF LOUISVILLE**   Confirmation Number: **88553244**
Filed On: **3/6/2019   2:44:30PM**

| # | Item Description | Amount |
|---|---|---|
| 1 | Access To Justice Fee | $20.00 |
| 2 | Civil Filing Fee | $150.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Library Fee | $3.00 |
| 5 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 6 | Money Collected For Others(Postage) | $12.40 |
| 7 | Charges For Services(Copy - Photocopy) | $1.40 |
| | **TOTAL:** | **$211.80** |

Generated: 3/7/2019   Page 1 of 1

Tendered        19-CI-001442   04/03/2019        David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
04/15/2019 12:11:04 PM
93689

NO. 19-CI-001442                                  JEFFERSON CIRCUIT COURT
                                                               DIVISION ELEVEN (11)
                                                                 JUDGE BRIAN EDWARDS

JESSICA DRURY                                                              PLAINTIFF

v.                                       **AGREED ORDER**

UNIVERSITY OF LOUISVILLE                                  DEFENDANT

\*\*\* \*\*\* \*\*\*

The Parties having agreed to an extension for Defendant, University of Louisville, to have to and including April 17, 2019 in which to file a responsive pleading, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Defendant shall have until April 17, 2019 to file a responsive pleading.

Date: _____                                        _____
                                                                        JUDGE, JEFFERSON CIRCUIT COURT

Case 3:19-cv-00282-DJH   Document 1-2   Filed 04/15/19   Page 16 of 17 PageID #: 20

Tendered    19-CI-001442    04/03/2019         David L. Nicholson, Jefferson Circuit Clerk   NOT ORIGINAL DOCUMENT
                                                                                             04/15/2019 12:11:04 PM
                                                                                             93689

Tendered jointly by:

/s/ Randall S. Strause
Randall S. Strause
Parker M. Wornall
STRAUSE LAW GROUP, PLLC
804 Stone Creek Pkwy., Ste. One
Louisville, KY 40223
(502) 426-1661
pwornall@strauselawgroup.com
rstrause@strauselawgroup.com
**Counsel for Defendant**


/s/ Amy S. Foster (pp. Parker M. Wornall)
Amy S. Foster
Chestnut Centre
410 W. Chestnut St., Ste. 331
Louisville, KY 40202-2359
(502) 807-2302
Amyfoster.law@gmail.com

and

Ryan Fenwick
902 S. Shelby St.
Louisville, KY 40203
ryan@ryanfenwicklaw.com
(502) 563-8687
**Counsel for Plaintiff**



# DRURY, JESSICA VS. UNIVERSITY OF LOUISVILLE

**JEFFERSON CIRCUIT COURT**
Filed on **03/06/2019** as **PERSONAL INJURY** with **HON. BRIAN EDWARDS**

**19-CI-001442**      **** NOT AN OFFICIAL COURT RECORD ****

## Parties       19-CI-001442

### DRURY, JESSICA as PLAINTIFF / PETITIONER

**Address**
2108 UNITY PLACE
APT 133
LOUISVILLE KY 40208

### UNIVERSITY OF LOUISVILLE as DEFENDANT / RESPONDENT

**Address**
2301 S 3RD ST, GRAWEMEYER HALL STE. 206
C/O THOMAS A. HOY, REGISTERED AGENT
LOUISVILLE KY 40292

**Summons**
CIVIL SUMMONS issued on **03/06/2019** served on **03/14/2019** by way of **CERTIFIED MAIL**

### FENWICK, RYAN as ATTORNEY FOR PLAINTIFF

**Address**
902 S. SHELBY STREET
LOUISVILLE KY 40203

### FOSTER, AMY S as ATTORNEY FOR PLAINTIFF

**Address**
410 W CHESTNUT STREET
STE 331
LOUISVILLE KY 40202

### STRAUSE, RANDALL as ATTORNEY FOR DEFENDANT

**Address**
STRAUSE LAW GROUP, PLLC
804 STONE CREEK PARKWAY, SUITE ONE
LOUISVILLE, KY 40223

## Documents       19-CI-001442

**COMPLAINT / PETITION** filed on **03/06/2019**

**TENDERED DOCUMENT** filed on **04/03/2019**
  AGREED ORDERORDER TENDER

**ORDER - AGREED** entered on **04/09/2019**
  THAT THE DFDT SHALL HAVE UNTIL 4/17/19 TO FILE A RESPONSIVE PLEADINGMAILED TO ATTORNEYS

## Images       19-CI-001442

**COMPLAINT / PETITION** filed on **03/06/2019**   Page(s): 12

**SUMMONS** filed on **03/06/2019**   Page(s): 1

**COURTESY FINANCIAL TRANSACTION REPORT** filed on **03/06/2019**   Page(s): 1

**TENDERED DOCUMENT** filed on **04/03/2019**   Page(s): 2

**** End of Case Number : 19-CI-001442 ****