UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JESSICA DRURY, Plaintiff,

v. Civil Action No. 3:19-cv-282-DJH-RSE

UNIVERSITY OF LOUISVILLE, Defendant.

\* \* \* \* \*

## ORDER

Plaintiff Jessica Drury first sued Defendant University of Louisville in Jefferson Circuit Court, alleging negligence, negligent infliction of emotional distress, and violations of the Kentucky Civil Rights Act on the ground that the University "failed to provide safe and adequate student housing" for her as a disabled student. (Docket No. 1-2, PageID # 5, 12-15) The University removed the case to this Court (D.N. 1) and filed a motion to dismiss for failure to state a claim (D.N. 4). In response, Drury moves to remand. (D.N. 8) Because the Court finds that it lacks subject-matter jurisdiction over this case, Drury's motion to remand will be granted and the University's motion to dismiss will be denied as moot.

### I.

The following are the facts set forth in Drury's complaint. Drury is a paraplegic as a result of an injury she suffered as a child. (D.N. 1-2, PageID # 7) She uses a wheelchair for daily mobility and is unable to stand for any significant period of time. (*Id.*)

Drury enrolled at the University of Louisville in 2016. (*Id.*) Drury was assigned to two different dormitories on the University's campus—Unitas Tower and Bettie Johnson Hall. (*Id.*, PageID # 6, 9-10) She alleges that she had accessibility issues in both dorms. (*Id.*, PageID # 6-12) As to Unitas Tower, Drury says that she was assigned to live on the seventh floor and slipped

1

in the shower due to the lack of grab bars. (*Id.*, PageID # 8) She claims that, despite her requests, the University failed to provide them. (*Id.*) Further, two fellow students carried Drury down seven flights of stairs during a fire drill at the Tower because there was no evacuation plan in place for her. (*Id.*) Drury was not notified in advance that there would be a drill, and she therefore believed it to be an actual emergency. (*Id.*) Drury says that the Tower Hall Director did not meet with her about an evacuation plan until after she saw Drury being carried down the stairs. (*Id.*) The plan provided by the University was for Drury to wait near the seventh-floor elevator until assistance arrived. (*Id.*) Drury alleges, however, that "[t]here was no plan for who would provide this assistance, if anyone would be responsible for informing firefighters of [her] location, or if anyone from the University would follow up with [Drury] afterward." (*Id.*, PageID # 9)

Drury was assigned to Bettie Johnson Hall the following year in August 2017. (*Id.*, PageID # 10) Drury states that "[i]t took multiple attempts for the University to provide simple accommodations such as adequate grab bars in the bathroom[s]." (*Id.*) Drury said that "[a]fter the fire drill incident in Unitas Tower, [she] was concerned about safety in Bettie Johnson." (*Id.*) Drury met "with the Hall Director who informed her that the safety plan was for Plaintiff to wait by the elevator until an RA or firefighter came to get her." (*Id.*) The fire alarm was subsequently set off on two separate occasions, and Drury was again carried by friends down four flights of stairs. (*Id.*, PageID # 11) Then, in or around February or March 2018, Drury opened her dorm room door and saw thick smoke in the hallway. (*Id.*) Drury believed there was a fire and a student—whom Drury did not know—carried her down the stairs. (*Id.*) Drury stated that no one from the University attempted to follow up with her after any of these incidents and she "was traumatized," "believing she could have been left alone to burn to death if the student had not come to help her." (*Id.*) Drury said that because the University failed to take any action to increase her

safety, she "became so anxious about her safety that continuing to live in Bettie Johnson Hall became untenable." (*Id.*, PageID # 12)  Drury moved back into her parents' home in March 2018, with her father driving her to and from campus every day.  (*Id.*)

Drury filed her complaint in Jefferson Circuit Court on March 6, 2019, alleging a violation of the Kentucky Civil Rights Act, negligence per se and premises liability, and negligent infliction of emotional distress.  (*See* D.N. 1-2)  The University removed the case to this Court on April 15, 2019, asserting that the Court has subject-matter jurisdiction because Drury "allege[d] violations of the Americans with Disabilities Act, the federal Civil Rights Act of 1964, and the Rehabilitation Act of 1973, each of which are federal law and by virtue raise federal questions."  (D.N. 1, PageID # 2)  The University then moved to dismiss all but one of Drury's claims.  (D.N. 4-1, PageID # 33-34)  Drury filed both a response to the University's motion to dismiss (D.N. 6) and a motion to remand (D.N. 8), arguing that her complaint asserts only state-law claims and that "interpretation of those federal laws [referenced in the complaint] is not a significant issue in the present case." (*Id.*, PageID # 88).  Drury further asserts that "[r]eview of those federal statutes is used, in addition to state law claims, to support state negligence per se and negligent infliction of emotional distress claims."  (*Id.*)

## II.

In general, a case may be removed to federal court if it falls within the Court's original jurisdiction.  *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see* 28 U.S.C. § 1441(a).  "Under 28 U.S.C. § 1331, district courts have original jurisdiction over 'actions arising under the Constitution, laws, or treaties of the United States.'"  *Briggs v. LSM Props. of Ky., LLC*, No. 3:16-CV-619-GNS-DW, 2017 U.S. Dist. LEXIS 58657, at *3 (W.D. Ky. Apr. 17, 2017) (citing *Gunn*

3

*v. Minton*, 568 U.S. 251 (2013)). Moreover, removing defendants bear the burden of establishing that the federal court has original jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) (citations omitted). "[B]ecause lack of jurisdiction would make any decree in the case void and continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Id.* at 549-50 (internal quotation marks and citation omitted). Here, the Court finds that the complaint asserts only state-law claims. The Court thus lacks subject-matter jurisdiction, and the case must be remanded.

**A.   Federal Question Jurisdiction**

As stated above, "[o]ne category of cases of which district courts have original jurisdiction is 'federal question' cases: cases 'arising under the Constitution, laws, or treaties of the United States.'" *Saunders v. Ford Motor Co.*, No. 3:14-CV-594-JHM, 2015 U.S. Dist. LEXIS 7059, at *8 (W.D. Ky. Jan. 21, 2015) (quoting 28 U.S.C. § 1331)). In order to determine whether a claim arises under federal law, courts examine the "[w]ell pleaded allegations of the complaint and ignore the potential defenses." *Briggs*, 2017 U.S. Dist. LEXIS 58657, at *3-*4 (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (internal quotation marks omitted); *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). "Within the confines of the well-pleaded complaint rule there are two paths to federal court under Section 1331: (1) federal claims, i.e., cases where federal law creates the cause of action; and (2) state causes of action that implicate 'significant federal issues.'" *Id.* at *4 (quoting *Eastman*, 438 F.3d at 550; *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)).

Under the first path, "[a] cause of action is created by federal law where federal law provides a right to relief." *Id.* (citing *Eastman*, 438 F.3d at 550). The first path does not lead to federal

4

court in this case because Drury is not suing the University under the ADA, the federal Civil Rights Act, or Section 504 of the Rehabilitation Act. The claims at issue—Counts 2 and 3 of the complaint—are state-law claims for "negligence" and "negligent infliction of emotional distress." (*See* D.N. 1-2, PageID # 13-15) The Court must therefore determine whether Drury's negligence-based claims "implicate significant federal issues" under the second path. *Briggs*, 2017 U.S. Dist. LEXIS 58657, at *4.

### 1. Implication of Significant Federal Issues

"The second path, which is known as the 'substantial-federal-question doctrine,' is more complicated" than the first. *Id*. The Supreme Court has found that "a case may arise under federal law where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Id.* (quoting *Merrell Dow*, 478 U.S. at 808-09) (internal quotations omitted). "That being said, 'the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Id.* at *4-*5 (quoting *Merrell Dow*, 478 U.S. at 813). Rather, "[t]he substantial-federal-question doctrine confers jurisdiction only if the following elements are met: (1) the state-law claim necessarily raises a disputed federal issue; (2) the federal interest in the issue is substantial; and (3) the exercise of jurisdiction does not disturb any congressionally approved balance of federal and state judicial responsibilities." *Id.* at *5 (citing *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 568 (6th Cir. 2007)). Drury does not argue that exercising jurisdiction would disturb the balance of federal and state judicial responsibilities. (*See* D.N. 8) Therefore, the Court need only determine whether the first and second elements are met.

#### a. Disputed Federal Issues

The first element is whether Drury's state-law claims necessarily raise disputed federal issues. Drury argues that federal issues are not in dispute because "[d]eep interpretation of federal

statutes is not required to render judgment in her favor, and judgment could be rendered without finding a violation of federal statutes." (*Id.*, PageID # 88)  The Sixth Circuit has found that "there is no federal question jurisdiction when the complaint on its face states alternate theories supporting a state-law claim, at least one of which does not involve a federal question." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 760 (6th Cir. 2000).

For her negligence-per-se claim, Drury alleges that the University violated the KCRA, the ADA, and Section 504 of the Rehabilitation Act when it failed to install grab bars in the Unitas Tower bathroom.  (D.N. 1, PageID # 13)  Drury likewise alleges under her NIED claim that the University's "negligent dereliction of the duties imposed by the [KCRA], the federal Civil Rights Act, the [ADA], and Section 504 of the Rehabilitation Act was a substantial factor" in her injuries. (D.N. 1, PageID # 13, 15)  The University argues that Drury raises disputed federal issues because she "has pled federal statutes in a manner which create a hodge-podge of duties that Plaintiff is attempting to construe as establishing state law claims" and that Drury's negligence-per-se claim is "just an attempt to circumvent the subject matter jurisdiction created by virtue of bringing claims under the ADA and the Rehabilitation Act."  (D.N. 10, PageID # 94-95)  But as explained above, Drury has not brought her claims under the ADA or the Rehabilitation Act.  Moreover, determining whether the University specifically violated the ADA, the federal Civil Rights Act, or Section 504 of the Rehabilitation Act is not necessary to resolve Drury's claims.  *See Scaccia v. Lemmie*, 236 F. Supp. 2d 830, 838 (S.D. Ohio 2002).

In *Scaccia*, the plaintiff sued the defendants for "unlawful discharge and retaliation in violation of public policy."  *Id.* at 837.  The defendants argued that the plaintiff alleged a federal claim by basing his violation-of-public-policy claim, in part, on federal law.  *Id.* at 836.  In his complaint, the plaintiff alleged in pertinent part:

6

> During the period of time set forth in this complaint[,] a clear public policy existed, and exists at the filing of this lawsuit, that is manifested in the Constitution of the United States and/or Constitution of the State of Ohio, federal and/or state statute and/or administrative regulation, and/or in the common law . . . .

*Id.* at 837. The court found that on its face, the complaint stated alternate theories supporting the plaintiff's state-law claim, and that at least one of those theories did not involve a federal question. *Id.* The court concluded that it was therefore clear that resolution of federal law was not necessary or essential to the resolution of the plaintiff's state-law claim. *Id.* at 838.

Likewise, here, Drury's complaint states alternate theories supporting her negligence claims, at least one of which does not involve a federal question—the KCRA. (*See* D.N. 1, PageID # 13, 15) Even if the University did not violate federal law, Drury still has an alternate basis for her negligence claims under the KCRA. Thus, Drury's "right to relief" does not "necessarily depend[] on resolution of a substantial question of federal law." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1061 (6th Cir. 2008) (quoting *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990)); *see also Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (providing that a state-law claim will trigger federal-question jurisdiction only when a plaintiff pairs it with a federal matter upon which overall relief is contingent); *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988) (concluding that "a claim supported by alternate theories in the complaint" will not result in federal patent jurisdiction unless patent law is "essential to each of those theories" and "necessary to the overall success of [the] claim"); *Long*, 201 F.3d at 761 (determining that because the plaintiff's complaint "put forth alternate bases in state law and federal law" the wrongful-discharge claim did not create jurisdiction under § 1331). Thus, Drury's negligence-based claims remain state-law claims for which the Court lacks subject matter jurisdiction. *Scaccia*, 236 F. Supp. 2d at 838.

### b. "Substantial" Federal Interest

Even if the Court were to find a disputed federal issue, the Court would still lack subject-matter jurisdiction because any federal interest in the issue would not be considered "substantial." *See Landers v. Morgan Asset Mgmt.*, No. 08-2260, 2009 U.S. Dist. LEXIS 30891, at *27 (W.D. Tenn. Mar. 31, 2009) ("To determine whether a disputed federal issue gives rise to federal jurisdiction, the Court must determine whether the interest in the issue is "substantial.").

"Four considerations affect the substantiality of the federal interest: (1) whether the case involves a federal agency's compliance with a federal statute; (2) whether the federal question is important; (3) whether a decision on the federal question will resolve the case or is just incidental to the outcome; and (4) 'whether the decision of the federal question will control numerous other cases.'" *Id.* at *27-*28 (citing *Mikulski*, 501 F.3d at 570). The University concedes that "there is no federal agency involved and this is unlikely to resolve numerous other cases." (*See* D.N. 10, PageID # 95) Thus, the first and fourth considerations weigh against finding jurisdiction.

The third consideration likewise counsels against finding jurisdiction. "The third consideration requires the Court to determine whether resolution of the federal question will resolve the case or is merely incidental to the outcome." *Landers*, 2009 U.S. Dist. LEXIS 30891, at *29. The Court has already found that resolution of the federal question will not resolve the case, as Drury has an alternate state-law basis for her negligence-based claims under the KCRA. *Cf. id.* (finding resolution of a federal question necessary where the plaintiffs conceded that their negligence count depended on finding that the defendants did not meet the standard of care imposed by federal securities law). While the University is correct that "no single factor is dispositive," *Mikulski*, 501 F.3d at 570, three of the four factors counsel against finding a substantial federal interest.

**III.**

As there is no disputed federal issue, there is no federal question and the Court lacks subject-matter jurisdiction. *Briggs*, 2017 U.S. Dist. LEXIS 58657, at *5. Moreover, any doubts should be resolved in favor of remand. *Eastman*, 438 F.3d at 549-50. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Drury's motion to remand (D.N. 8) is **GRANTED**. This matter is **REMANDED** to Jefferson Circuit Court pursuant to 28 U.S.C. § 1447(c) and **STRICKEN** from this Court's docket.

(2) The University of Louisville's motion to dismiss (D.N. 4) is **DENIED** as moot.